UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BHARATBHAI PATEL, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:25-cv-585 |
| v. | ) |
| | ) Judge Atchley |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, *et al.*, | ) Magistrate Judge Poplin |
| | ) |
| *Defendants*. | ) |

## ORDER

Petitioner Bharatbhai Patel, a native of India, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on December 1, 2025, challenging his current civil immigration detention as violative of the Due Process Clause of the United States Constitution. He asks the Court to issue an Order requiring Respondents to show cause why the petition should not be granted [Doc. 6].

Petitioner maintains that due process demands his release from civil detention because of his significant health needs [*See, e.g.*, Doc. 1 at ¶ 21; Doc. 6 at ¶ 1]. Generally, "a petition challenging conditions of confinement and 'seeking relief in the form of improvement of prison conditions or transfer,' rather than release, may not be brought under § 2241." *Lettieri v. Sage*, No. 24-3762, 2025 U.S. App. LEXIS 9212, at *3 (6th Cir. Apr. 17, 2025) (quoting *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)). Yet Petitioner does not seek improved conditions; he contends that no conditions of confinement could constitutionally accommodate his deteriorating health. [*See* Doc. 1 at ¶ 19–20]. The Sixth Circuit has made clear that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging

the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. As such, this Court is bound to follow that rule here.

The Court also notes that the petition states that Petitioner was ordered removed from the United States on February 27, 2012 [Doc. 1 at ¶ 6]. The Court does not know whether Petitioner's current detention is based on that order. And because the basis of Petitioner's detention is uncertain, the process to which he may be entitled is likewise unclear at this point. Nonetheless, given the severity of the medical conditions alleged by Petitioner, and the lack of information before the Court as to the basis for his detention, the Court **GRANTS** Petitioner's motion [Doc. 6].

In light of the statutory mandate governing habeas writs, the timely adjudication of the petition carries considerable importance. In pertinent part, 28 U.S.C. § 2243 provides:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

The statute permits the time limits set forth in the Habeas Corpus Act to be extended for good cause. Here, Petitioner, aware of these deadlines, requests that the Court order Respondents to respond to this show cause Order within fourteen days and that he be afforded an opportunity to file a reply within seven days after Respondents respond. [Doc. 6 at ¶ 3–6]. Considering that the deadlines imposed by § 2243 are designed to ensure that petitioners receive a prompt adjudication of their writs, that Petitioner requests an extended briefing schedule demonstrates good cause exists for modifying the deadlines imposed under § 2243.[1]

---

[1] While § 2243 does not explicitly provide for reply briefs, Rule 1(b) of the Rules Governing § 2254 proceedings allows the court to apply the rules governing § 2254 proceedings to habeas petitions filed under § 2241. *See Clum v. Harrison*, No. 2:25-cv-02337-SHL-atc, 2025 LEXIS 463090, at *4 n.2 (W.D. Tenn. Sep. 25, 2025). And Rule 5(e) of

Consistent with 28 U.S.C. § 2243, Respondents are ordered to respond to this Order (complete with any documents necessary for the resolution of the petition) by **December 19, 2025**. *See* 28 U.S.C. §2243. Petitioner shall have **seven (7) days** following Respondents' return to file any desired reply.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

the rules governing § 2254 proceedings permits a petitioner to file a reply. The Court will use the authority granted to it under Rules 1(b) and 5(e) to allow Petitioner to file a reply in this case.