UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BHARATBHAI PATEL, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | Case No. 3:25-cv-585 |
| v. ) | |
| ) | Judge Atchley |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | Magistrate Judge Poplin |
| ) | |
| *Respondents*. ) | |
| ) | |

## MEMORANDUM AND ORDER

Petitioner Bharatbhai Patel, a native and citizen of India, was taken into custody by the Immigration and Customs Enforcement ("ICE") on or about November 28, 2025 [Doc. 1 at ¶¶ 5, 11]. On December 1, 2025, Petitioner, by and through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to compel his release from custody [*Id.*]. The Court, having reviewed the Parties' filings and the applicable law, finds that the issues have been adequately briefed and that a hearing is unnecessary.[1] For the reasons articulated below, the Court denies the petition.

I.  **BACKGROUND**

Petitioner entered the United States on or about March 7, 1992, when he was paroled into the United States after attempting to enter the country with another person's passport and visa [Doc. 1 at ¶ 5; Doc. 14-1a at ¶ 3]. In 2011, Petitioner was indicted on federal charges and entered a guilty plea to Conspiracy to Bribe an Employee of the United States [Doc. 14-2]. Petitioner was then placed into removal proceedings, and on February 27, 2012, was ordered removed from the

---

[1] *See* Rule 8(a), Rules Governing 2254 Cases in the United States District Courts; *see also* Rule 1(b) (permitting application of § 2254 Rules to other habeas petitions).

United States [Doc. 1 at ¶ 6; Doc. 14-3]. Petitioner has been married since 1983, and his wife is a United States Citizen [Doc. 1 at ¶ 7].

Petitioner, who is 62 years old, suffers with "Parkinson's disease, pernicious anemia, peripheral neuropathy, diabetes, and hyperlipidemia" [Doc. 1 at ¶ 9; Doc. 1-4]. He requires vitamin B12 injections every 12 hours and daily takes the medications metformin, Crestor, lisinopril, Lantus, Sinemet, Lasix, and folic acid [Doc. 1 at ¶ 9; Doc. 1-4]. In 2024, Petitioner and his son were the victims of an armed robbery, which has exacerbated Petitioner's extensive health problems and "caused anxiety" [Doc. 1 at ¶ 8; Doc. 1-3]. Petitioner's wife reports that Petitioner "has suffered serious cognitive decline in recent months" and becomes "disoriented, confused about his surroundings, and unable to advocate for himself" [Doc. 1 at ¶ 9; Doc. 1-5 at ¶ 9]. Petitioner's wife manages his medications and medical interventions, because he "cannot independently keep track of medication intervals, identify medical warnings, or communicate symptoms to medical staff" [Doc. 1 at ¶ 9; Doc. 1-5 at ¶¶ 10, 13]. Petitioner's wife maintains that Petitioner requires "constant management of his medication and medical condition to remain in stable condition" [Doc. 1 at ¶ 22].

Petitioner's wife filed an I-130 petition[2] for Petitioner on March 26, 2025, that remains pending before the United States Citizenship and Immigration Services ("USCIS") [Doc. 1 at ¶ 7;

---

[2] This form, "Petition for Alien Relative[,]" is used by a "U.S. citizen, lawful permanent resident, or U.S. national (who is not a U.S. Citizen). . . to establish [their] qualifying relationship with an eligible alien relative (the beneficiary) who wishes to come or stay in the United States permanently[.]" *See* https://www.uscis.gov/i-130 (last visited Dec. 29, 2025).

Doc. 1-1]. Additionally, Petitioner has a Form I-485[3] and I-601A[4] waiver pending with the USCIS [Doc. 1 at ¶ 7], and in 2025, he received a Bona Fide Determination Notice[5] from the USCIS for a U visa[6] [Doc. 1 at ¶ 8; Doc. 1-2].

On November 28, 2025, Petitioner was detained by ICE while in a local field office for an appointment [Doc. 1 at ¶ 11]. He was initially detained in the Knox County Jail [*Id.* at ¶ 12]. Petitioner is currently being detained at Jackson Parish Correctional Center in Jonesboro, Louisiana [Doc. 14 at 2]. Petitioner's wife is "extremely afraid that [her] husband will die in detention due to lack of timely medical attention, inability to monitor subtle neurological signs, interruption or medication schedules, or delayed insulin and B12 administration" [Doc. 1 at ¶ 11; Doc. 1-5 at ¶ 19].

In his § 2241 petition, Petitioner maintains that "no set of conditions would be constitutionally sufficient" to permit his continued detention, and that his health needs mandate his release from detention [*See generally* Doc. 1, citing *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)]. After reviewing the petition, the Court entered an Order requiring Respondents to

---

[3] This form, "Application to Register Permanent Residence or Adjust Status[,]" is used "to apply for lawful permanent resident status if [the petitioner is] in the United States." *See* https://www.uscis.gov/i-485(last visited Dec. 29, 2025).

[4] An I-601A waiver, "Application for Provisional Unlawful Presence[,]" is used "to request a provisional waiver of the unlawful presence grounds of inadmissibility" under U.S. Immigration law. *See* https://www.uscis.gov/i-601a (last visited Dec. 29, 2025).

[5] A determination that an application is bona fide is "based on the applicant's compliance with initial evidence requirements and successful completion of background checks." *See* https://www.uscis.gov/policy-manual/volume-3-part-b-chapter-6 (last visited Dec. 29, 2025).

[6] The U nonimmigrant status (U visa) is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." *See* https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status (last visited Dec. 29, 2025).

3

show cause why the writ should not issue [Doc. 8]. On December 19, 2025, Respondents filed their response, alleging that Petitioner is lawfully detained, that he fails to state a due process claim, and his claims relating to medical issues are not appropriate in a habeas proceeding [*See generally* Doc. 14]. On December 26, 2025, Petitioner filed a reply in opposition to Respondents' arguments [Doc. 17]. This matter is ripe for review.

## II. ANALYSIS

Habeas relief may be granted when a petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). This includes individuals detained on immigration-related issues. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Respondents first argue that Petitioner is subject to an order of removal, and that his detention is lawful under the Immigration and Nationality Act ("INA") [Doc. 14 at 2–4]. Petitioner concedes that he was detained under an order of removal, and that he violated criminal law [Doc. 17 at 1, 2]. Further, the Parties agree that Petitioner's detention is discretionary under the INA [*Compare* Doc. 14 at 4 *with* Doc. 17 at 2]. Therefore, it does not appear that the Parties challenge Petitioner's detention based on application of the INA's relevant statutory provisions.

Rather, in his reply, Petitioner confirms that he "instead challenges the government's detention as inappropriate and in conflict with the Fifth Amendment's Due Process guarantees based on his serious medical conditions" [Doc. 17 at 2]. Petitioner argues that (1) he has a significant private interest in being free from physical detention; (2) his detention deprives him of his family, access to medications and medical providers; and (3) the government's interest in detention is minimal given the "large risk of the erroneous deprivation of Petitioner's liberty

4

interest through the procedures used in the immigration court proceedings, particularly with [Petitioner]'s pending applications for adjustment of status based on his wife's citizenship" [Doc. 1 at 6–7]. He also argues that, as a pretrial detainee, he may prevail on his claim "by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose" [Doc. 17 at 4, citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)]. And in his case, Petitioner argues, "Respondents have not articulated any rational relationship between a legitimate governmental objective and keeping Petitioner detained despite his serious medical condition[,]" and that Petitioner's confinement in light of his conditions constitutes impermissible punishment [*Id.*].

Respondents argue that consistent with the government's responsibility to provide for detainees' safety and well-being, all facilities that house non-citizens detained by ICE (whether owned and operated by ICE, a state or local entity, or a contractor) are required to follow well-established detention standards that include detailed standards designed to ensure that detainees are provided with necessary and appropriate health care.[7] [Doc. 14-4; Doc. 14-5]. Petitioner responds that ICE facilities' compliance with standards is irrelevant; his documented health needs preclude his detention where supervised release is an option under the relevant statutory scheme [Doc. 17 at 3–4].

However, the Court finds Petitioner has not alleged sufficient facts to state a claim that he has not, or will not, be provided with constitutionally adequate medical care. In fact, Petitioner has not made any specific allegation of any instance where he was denied access to care, despite having been detained for several weeks.

---

[7] *See also* U.S. Immigration and Customs Enforcement, *2025 National Detention Standards*, Standard 4.3, *Medical Care*, available at https://www.ice.gov/detain/detention-management/2025 (last visited Dec. 29, 2025).

Moreover, a habeas petition is not generally available for challenges to the conditions of confinement. Such claims must be pursued in a civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 486–87 (1973); *see also Jones v. Williams*, No. 3:21-cv-01350, 2022 WL 2666610 at *3 (N.D. Ohio 2022) ("Section 2241 is not available, however, to review questions unrelated to the cause of detention." (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004))). In *Martin*, the Sixth Circuit found that a claim regarding the constitutional sufficiency of medical care is the type of "condition of confinement" claim that is not cognizable on habeas corpus review. *Martin*, 391 F.3d at 714.

In support of his petition, Petitioner cites *Wilson v. Williams*, where the Sixth Circuit recognized that a § 2241 petition could be used by medically vulnerable prisoners to challenge "alleged unconstitutional conditions of . . . confinement [which] can be remedied only by release." 961 F.3d 829, 837 (6th Cir. 2020). In such cases, the Sixth Circuit found, the claim should be construed as a challenge to the fact or extent, rather than the conditions, of confinement. *Id.* at 837–38. Petitioner argues that *Wilson* supports his claim that "a medical[ly] frail person with Parkinson's disease and other medical conditions, who requires around the clock care and support from caregivers, should not be in any detention setting when not mandatory—and here it is not" [Doc. 17 at 4 n.2].

However, the question for the Court is whether the allegations of Petitioner's federal habeas petition legally mandate his release. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023); *see also* 28 U.S.C. § 2241(c)(3). And a claim that can be remedied or corrected by improved conditions—such as access to medical care—"does not fall into th[e] category" of claims contemplated by *Wilson*. *Jones*, 2022 WL 2666610, at *3. Here, Petitioner has not established

6

that there are no set of conditions of confinement that could constitutionally accommodate his medical needs. Accordingly, this claim is not cognizable in a § 2241 petition.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's petition for habeas relief and will **DISMISS** this action.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**